Matter of Meltzer (2021 NY Slip Op 06550)





Matter of Meltzer


2021 NY Slip Op 06550


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Cynthia S. Kern
David Friedman
Lizbeth González
Martin Shulman, JJ.


Motion No. 2021-03424 Case No. 2020-03443 

[*1]In the Matter of Craig F. Meltzer, (Admitted as Craig Fred Meltzer), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Craig F. Meltzer, (OCA Atty. Reg. No. 1639533), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 12, 1979.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Craig F. Meltzer was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979 under the name Craig Fred Meltzer. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.
On August 18, 2020, the Attorney Grievance Committee (the Committee) moved for respondent's immediate suspension from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2), (3), and (5), based upon admissions under oath that he commingled his wife's monies with client funds; failed since 2018 to comply with the Committee's repeated demands to produce ledgers for his two escrow accounts and certain contracts and closing statements related to real estate transactions; failed to respond to the Committee's interrogatories; and upon uncontroverted evidence of professional misconduct, namely, conversion and/or misappropriation of escrow funds. Although properly served, respondent did not oppose the Committee's motion. Accordingly, by order entered October 22, 2020, this Court granted the motion pursuant to 22 NYCRR 1240.9(a)(3) and immediately suspended respondent from the practice of law and until further order of the Court (189 AD3d 80 [1st Dept 2020]).
Respondent consented to service by email and on October 26, 2020 the Committee served him with a notice of entry containing a copy of the Court's October 22, 2020 suspension order.
The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE, that, pursuant to 22 NYCCR § 1240.9(b), an attorney who is suspended under § 1240.9(a) and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension maybe disbarred by the Court without further notice."
The Committee now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9 (b), on the ground that he was suspended pursuant to 22 NYCRR 1240.9(a)(3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension. Although served with this motion, respondent has not submitted a response.
Accordingly, inasmuch as six months have elapsed since this Court's October 22, 2020 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Kelley, 194 AD3d 47 [1st Dept 2021]; Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Dunn, 182 AD3d 129 [1st Dept 2020]).
All concur.
It is Ordered that the Attorney [*2]Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9 (b) disbarring respondent, Craig F. Meltzer, admitted as Craig Fred Meltzer, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law §?90, the respondent, Craig F. Meltzer, admitted as Craig Fred Meltzer, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Craig F. Meltzer, admitted as Craig Fred Meltzer, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Craig F. Meltzer, admitted as Craig Fred Meltzer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Order filed. November 23, 2021